## COUNCIL v. AMERICAN NAT. INS. CO.
### (No. 7905.)

Court of Civil Appeals of Texas. San Antonio. Feb. 1, 1928.

1. **Appeal and error ⊂⊃1008(1)—Court of Civil Appeals held bound by findings of trial court in fact case.**

In fact case, in which all facts were before trial court, Court of Civil Appeals is bound by findings on questions of fact.

2. **Principal and agent ⊂⊃123(7)—Evidence failing to show authority to sign for plaintiff contract to convey land or contract by plaintiff's authorized agents held not to establish contract which could be specifically enforced.**

In action in nature of suit in trespass to try title to land, in which defendant filed cross-action for specific performance of contract for sale of land alleged to have been signed on behalf of both parties by person or company acting for defendant, evidence showing that signers were not agents of plaintiff or authorized to bind it on any contract and that there was no contract of sale made by attorneys authorized to act for plaintiff failed to establish contract or ratification thereof which could be specifically enforced.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by the American National Insurance Company against Harold Council, in which defendant filed a cross-action. Judgment for plaintiff, and defendant appeals. Affirmed.

Cameron & Epperson, of Edinburg, and Thompson & McWhorter, of Weslaco, for appellant.

D. W. Glasscock, of Mercedes, and Ingrum, Smith & Gulley, of San Antonio, for appellee.

COBBS, J. This suit was an action in the nature of a suit in trespass to try title to land, brought by appellee against appellant, in which appellant sought by way of a cross-action the specific performance of an alleged contract for the sale of the same land.

Appellant contends that the various letters, telegrams, and documents written and exchanged by John Neethe, acting for and on behalf of the American National Insurance Company, and G. G. Council, or the Council Land & Development Company, acting for and on behalf of Harold Council, constitute a contract of sale and purchase, binding the said American National Insurance Company to sell, and the said Harold Council to buy, the land in question, upon the terms and conditions therein specified, all of which said letters, telegrams and documents appear at length in the statement of facts.

The cause was submitted to the court below upon an agreed statement of facts, in part: The deposition of W. L. Moody, Jr., president of the American National Insurance Company, the deposition of John Neethe, the then general counsel for said company, which last deposition has attached, as exhibits, the said letters, telegrams, and documents, except one, a copy of which appears as Exhibit D to cross-plaintiff's petition, and which was testified to in open court by G. G. Council, etc., all of which appear from the statement of facts in this cause.

The issues were narrowed down to the following propositions, to wit:

"Whether the correspondence hereinafter described between the parties hereto (1) constitutes a ratification of said written instrument dated October 27, 1925, attached as Exhibit A to plaintiff's original petition so that same became a valid and binding contract; (2) or whether said correspondence, taken together with said instrument of date October 27, 1925, constitutes a valid and binding contract between the parties."

The instrument referred to is the contract, appearing at pages 41 et seq. in the statement of facts, purporting to bind the American National Insurance Company to sell the land in question to Harold Council, the said contract being signed by G. G. Council, or the Council Land & Development Company, for both parties. It is the contention that this instrument, though unauthorized as far as the company was concerned, became adopted, or ratified by subsequent letters, etc., written by Neethe for the company, and that it, taken together with all the said letters and telegrams, constituted a contract.

The court found for the plaintiff, denying the cross-plaintiff his remedy of specific performance.

The evidence expressly showed that neither G. G. Council nor the Council Land & Development Company were agents of the appellee, the American National Insurance Company, and they were not authorized to bind it in this or any other contract to sell the lands in controversy.

[1] This is a fact case, in which all the facts were before the trial court, and the court found against the appellant, and we feel bound by those findings. Indeed, we fully agree with the court.

[2] If any one was authorized to sell appellee's land it was Mr. Neethe, of the firm of Williams & Neethe, a firm of lawyers in Galveston, and there is no evidence of any contract of sale made by them wherein the minds of the parties met.

No useful purpose can be served by writing a long opinion discussing the evidence pro and con. The facts wholly fail to establish such a contract for the sale of land that can be enforced in a suit for specific performance.

We think the case has been fairly tried, without error, and the judgment is affirmed.